**Coretsky v. Langland**

*Alexander H. Lindsay Jr.,* for plaintiffs.
*Mark F. McKenna,* for defendants.

KIESTER, *S.J.,* December 31, 1992—This cause of action arises over litigation between plaintiffs and defendants as Commissioners of Butler Township. The pleadings establish that Butler Township rejected plaintiffs' application for a subdivision plan after the same had been approved by the Butler Township Planning Commission. After the proposed plan was "deemed" approved by the Commonwealth Court, which decision was affirmed by the Pennsylvania Supreme Court, the Board of Commissioners of Butler Township instituted an action in equity to strike the plan as recorded by plaintiffs. This court sustained the preliminary objections of these plaintiffs and dismissed the complaint in equity.

In three counts and 33 paragraphs plaintiffs ask damages of defendants. Count I is a demand for counsel fees. Count II is a demand for counsel fees and punitive damages. Count III demands damages, punitive damages, such equitable relief as this court deems appropriate and reasonable attorney fees.

The case is now before the court on defendants' motion for summary judgment. Briefs were filed by counsel and the motion was argued before the court on December 18, 1992.

The record establishes that on January 28, 1991, John Q. Stranahan, senior judge, specially presiding, dismissed defendants' preliminary objections and motion for more specific pleading. On March 19, 1991, defendants filed an answer and new matter to the complaint. On April 23, 1991, plaintiffs filed a reply to new matter.

The undersigned conducted a pretrial conference on September 15, 1992, and determined that the case was not ready for trial.

The court will consider plaintiffs' three counts seriatim.

## COUNT I

*The Equity Action was Arbitrary, Vexatious and in Bad Faith.*

The willful misconduct of defendants alleged by plaintiffs was the filing of the equity action.

### Discussion

The facts as averred in the complaint are basically that after Butler Township rejected plaintiffs' subdivision plan, the Pennsylvania Supreme Court on March 3, 1989, affirmed the decision of the Commonwealth Court, reversed the decision of Court of Common Pleas and held that the plan was "deemed" approved.

### The Law

An Act of Assembly provides:

"§8550.  *Willful misconduct—*

"In any action against a local agency or employee thereof for damages on account of an injury caused by

the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply." Act of October 5, 1980, P.L. 693, no. 142, §221(e).

## Conclusion

The court will grant summary judgment only if there is no genuine issue as to any material fact. These defendants had the right to take legal action on the advice of the township solicitor. It may be that these township commissioners as elected representatives had a duty to file the legal action. There has been no fact pled by plaintiffs to establish that defendants committed a crime, actual fraud, actual malice or willful misconduct. These defendants are entitled to the defense of official immunity.

As to Count I of the complaint, defendants' motion for summary judgment is granted.

## COUNT II

### Misuse of Process

The fact that defendants lost the equity action together with the history of the litigation between the parties over the subdivision plan would have cost plaintiffs attorneys' fees. The fact that plaintiffs suffered damages (professional fees) to obtain legal rights in the absence of other evidence is insufficient to prove that defendants acted willfully or maliciously.

Without evidence of misuse of process and willful misconduct, plaintiffs have no cause of action. Defendants' motion for summary judgment is granted and Count II of the complaint dismissed.

## COUNT III

*Civil Action for Deprivation of Rights Under 42 U.S.C. §1983*

The 1979 Act of Congress upon which plaintiffs rest their cause of action in Count III states:

"§1983. *Civil action for deprivation of rights—*

"Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress shall be considered to be a statute of the District of Columbia." R.S. §1979; Pub.L. 96-170, §1, December 29, 1979, Stat. 1284.

This Act of Congress and the decisions interpreting the same have spawned volumes of litigation. In several pages of plaintiffs' legal brief, counsel have ably explained their theories of liability. Several Supreme Court decisions have been cited.

As stated by counsel in defendants' brief, "To prove a violation of 1983, a plaintiff must show the existence of purposeful discrimination." Plaintiffs' position is that

the pleadings have established "purposeful discrimination" by the course of the litigation between the parties. The disagreement over the law is evidenced by the fact that this court initially sustained the position of the township commissioners but was reversed by the Commonwealth Court.

Other than alleging the course of the litigation between the parties, plaintiffs have failed to aver facts in support of the claim of purposeful discrimination. There is nothing in the record averring facts that could establish that defendants' actions were unconstitutional discrimination as to these plaintiffs. All of the litigation arose over interpretations of the facts and the law.

In the equity action, the basis for this complaint, the township commissioners acted on the advice of their solicitor as to the timeliness of the recording of the plan that had been found to be "deemed" approved. The fact that the dispute continued and that the trial court disagreed with the solicitor's interpretation of the law, and that the continuing litigation cost plaintiffs attorneys' fees does not alone constitute a deprivation of plaintiffs' constitutional rights.

For the reasons stated defendants' motion for summary judgment as to Count III of the complaint will be granted.

## STATUTE OF LIMITATIONS

It is the position of defendant township that plaintiffs' cause of action is barred as to Butler Township by failing to give the required notice within six months of the filing of defendants' equity action against plaintiffs (42 Pa.C.S. §5522(a)). As to the individual commissioners, the action

must be commenced within six months for anything done in the execution of their offices (42 Pa.C.S. §5522(b)).

As to Butler Township, it is clear that the six-month limitation on notice is computed from the date the injury was sustained. The injury (damages) occurred on the date the equity action was instituted, not on the date the objections were sustained and the action dismissed. As to this government unit, plaintiffs were required to serve notice of their intent to take action to recover damages. Since plaintiffs did not give Butler Township notice within six months of the date that Butler Township filed the equity action, their claim for damages fails (42 Pa.C.S. §5522(a)).

Plaintiffs were required under the six-month limitation to institute this damage action within six months of filing and service of the equity action on the individual township commissioners. The institution of the equity action is when the damage commenced (42 Pa.C.S. §5522(b)). The equity action was filed May 5, 1989, and this damage action was instituted March 9, 1990. The damage action against the individual township commissioners is barred by the six-month limitation. The damage, if any, was sustained on the date the action was instituted and not on the date the objections of plaintiffs were sustained. The rationale of the law is that the plaintiffs herein considered defendants liable for damages plaintiffs might sustain as a result of the equity action and that as public officials they had a right to know of the potential claim of liability, not at the termination of the litigation, but at the beginning.

## ORDER OF COURT

And now, December 31, 1992, defendants' motion for summary judgment is sustained and the complaint dismissed.